OPINION
Respondent Misty Sheppard appeals a judgment of the Court of Common Pleas of Morgan County, Ohio, which entered a stalking civil protection order against her and other persons not parties to this appeal. Appellee is the Petitioner, Vanessa McCord. Appellant assigns three errors to the trial court:
 "I. THE COURT ERRED BY ISSUING A STALKING CIVIL PROTECTION ORDER AGAINST THE APPELLANT, MS. SHEPPARD, WITHOUT HER FIRST HAVING THE OPPORTUNITY TO BE HEARD AND WITHOUT SUFFICIENT EVIDENCE IN THE RECORD THEREBY DEPRIVING HER OF DUE PROCESS.
 "II. THE COURT ERRED IN DECIDING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO ISSUE A CIVIL PROTECTION ORDER AGAINST THE APPELLANT, MS. SHEPPARD.
 "III. THE COURT ERRED BY USING INFORMATION OBTAINED IN A PREVIOUS PROCEEDING AND NOT PART OF THIS RECORD TO ISSUE A STALKING CIVIL PROTECTION ORDER AGAINST THE APPELLANT, MS. SHEPPARD."
Appellee Vanessa McCord is the mother of Brandi Elliott, a seventeen year old girl. Brandi Elliott is the girlfriend of James Seals, Jr. Appellant and Seals have a child together. Darlene Dawson is Seals' mother, and the grandmother of appellant/Sheppard's child. Appellee/McCord filed a petition for a stalking civil protection order against appellant/Sheppard, Darlene Dawson, and all Darlene Dawson's household members. Neither Dawson nor her household members are parties to this appeal. In the petition, appellee alleged the Dawson family has harassed, followed, and threatened violence to her daughter, Brandi Elliott, and one of the incidents led to a physical confrontation.
The court entered a stalking ex parte civil protection order on January 22, 2002. On February 1, 2002, the court held a hearing on the petition.
After the court called the case, it asked appellee to explain to the court what the problem was. The record does not show appellee was ever placed under oath, and no one objected to this. Appellee explained to the judge the on-going problems between her daughter, appellant, and various members of the Dawson household.
After appellee addressed the court, the court stated on the record that it had heard two prior actions in juvenile court over these same circumstances between Brandi Elliott and the Dawson family. Appellant's counsel presented the situation from appellant's point of view, and then the court intervened, noting it was already extremely familiar with the facts of the case.
Clearly frustrated by the on-going and repetitive nature of the trouble among these parties, the court explained to all that they have to leave each other alone or someone was going to end up in jail. The court noted it had already placed orders in the juvenile court action for one side of the altercation to leave the other side alone. The court found it was appropriate to put on a reciprocal order here so that everyone understood whoever caused any more problems would go to jail. The court stated after hearing the matter three times, it was clear on what was going on, and the court believed it was a social problem which was going to become a legal problem. The court thereupon issued a protection order for a period of one year.
Appellant's counsel objected to the court placing a protection order against her, noting the petitioner's allegations were directed towards the Dawson family, and appellant was not a member of their household. The court conceded this, but remarked that it had already observed appellant interact with the appellee in juvenile court. The court also found it was appropriate for both appellant and appellee to go to counseling, and concluded the hearing by reminding the litigants the court would have no choice but to put people in jail if the situation continued.
 III
In her third assignment of error, appellant argues the trial court relied upon information obtained in a previous hearing, and not part of this record, in reaching its decision. In State v. Wallace (May 5, 1999), Coshocton Appellate No. 97-CA-9, this court held where a court draws information from past dealings in the case, and does not rely on evidence in the record, then this court cannot review the court's decision in a meaningful way. We held a proper evidentiary hearing places all the information into the record so that the parties, and this court, understand the trial court's reasoning.
It is clear, and understandable, that the trial court is frustrated by the continued behavior of the parties. Although we are sympathetic, this court must vacate the court's decision issuing the stalking civil protection order, and remand the action back to the trial court to make a full record of this matter.
The third assignment of error is sustained.
 I II
In light of our holding in III, supra, we find the issues of the manifest weight and sufficiency of the evidence are premature. Regarding appellant's argument the court's refusal to hear appellant before issuing its stalking civil protection order, deprived her of due process, the record does not reflect her counsel ever objected on those grounds or requested the court permit him to call appellant to testify. We find our remand will remedy this issue.
The first and second assignments of error are overruled as premature.
For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, P.J., EDWARDS, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs split between the parties.